UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

SANDRA LOU HELVEY

DEBTOR                                                CASE NO. 05-24181


LORI A. SCHLARMAN, TRUSTEE                            PLAINTIFF


VS.                                                   ADV. NO. 06-2061


SUNTRUST MORTGAGE, INC.;
SANDRA LOU HELVEY                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on the Trustee's Motion for Summary Judgment against Defendant SunTrust Mortgage, Inc. ("SunTrust"). The Trustee seeks to avoid SunTrust's mortgage pursuant to Bankruptcy Code section 544(a)(3). SunTrust did not file a responsive pleading to the Trustee's motion, and the parties agreed that a hearing on the motion was not necessary. An Order Granting Motion to Waive Hearing . . . and to Submit on the Pleadings was entered on July 17, 2006, and this matter is now ripe for decision. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2)(K).

1. Factual and procedural background

As set out by the Trustee, the Debtor purchased property in Independence, Kentucky on April 25, 2003. At the closing on this

1

property, the Debtor executed and delivered to SunTrust a Promissory Note in the principal amount of $58,400.00. To secure the payment of the this debt, the Debtor further executed and delivered a Mortgage granting SunTrust a security interest in the subject property. The Debtor filed her Chapter 7 case in this court on October 13, 2005.

On March 21, 2006, the Trustee filed her Complaint for Lien Avoidance, Sale of Real Estate, and Declaratory Judgment. The Trustee's Complaint alleges that the certificate of acknowledgment following the signature of the Debtor is defective in that the name of the mortgagor, the name of the county, and the date of acknowledgment are left blank. SunTrust has admitted these allegations in its Answer filed herein on April 24, 2006. The Trustee therefore contends that SunTrust's mortgage is not properly acknowledged pursuant to KRS 423.130, and is avoidable pursuant to Code section 544.

The Debtor filed a Counterclaim against the Trustee, a Cross-claim against SunTrust, and a Third Party Complaint against Nielson & Sherry, P.S.C., and Lawyers Title Insurance Corporation. The court sustained motions to dismiss all these actions on June 13, 2006, and an Order dismissing the Third Party Complaint was entered on June 30, 2006.

    2.   <u>The summary judgment standard</u>

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a

judgment as a matter of law." The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986)(emphasis in original).

The summary judgment standard is set out in *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The Sixth Circuit has opined that "[r]ead together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

   3.   <u>Discussion</u>

On the date the Debtor filed her bankruptcy petition, the Trustee acquired the status of a bona fide purchaser ("BFP") pursuant to the avoiding powers found in Bankruptcy Code section 544(a)(3), which provides:

3

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
> . . . .
>     (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists.

The Trustee contends that she has priority as a BFP because the mortgage did not meet the requirements of KRS 423.130, and was therefore defectively acknowledged. That statute sets out the requirements for a proper acknowledgment clause:

> The person taking an acknowledgment shall certify that:
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
> (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Further, as set out in pertinent part in KRS 382.270 "[n]o . . . mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof . . . until such deed or mortgage is acknowledged . . . according to law and lodged for record."

The Trustee points out that this issue has been addressed by the Sixth Circuit Court of Appeals in *Rogan v. America's Wholesale Lender (In re Vance)*, No. 02-6537, 2004 WL 771484, at *2 (6th Cir. April 8, 2004). There the mortgage under consideration failed to include the information required by KRS 423.130 in the notary's certificate, and the notarial acknowledgment was found to be defective. The defective acknowledgment made the attempted conveyance invalid as against a BFP

for value pursuant to KRS 382.270.  The trustee, standing in the position of a BFP pursuant to Bankruptcy Code section 544(a)(3), could therefore avoid the mortgage.  *Id.*  The mortgage at issue here is defective under the *Vance* standard as the certificate of acknowledgment does not identify the Debtor as the person who acknowledged the mortgage.

The mortgage at issue here is in fact identical to the mortgage addressed in *Vance* in that, in addition to not identifying the person who acknowledged the execution of the mortgage, it does not state the date of the acknowledgment or the county in which the acknowledgment took place.  The court therefore concludes that the subject mortgage was defectively acknowledged and insufficient to put the Trustee on notice.  The Trustee has therefore demonstrated that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law that she may avoid the mortgage pursuant to section 544(a)(3).  An order in conformity with this opinion will be entered separately.

Copies to:

Dennis Williams, Esq.
Lisa M. Ellis, Esq.
Patrick C. Hickey, Esq.
Todd J. Flagel, Esq.
Stuart P. Brown, Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Wednesday, August 02, 2006
(wsh)**